Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

Civil Action No. 3:25-cv-51-CWR-LGI

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name    Chaz Pinkston

All other names by which
you have been known:

ID Number    148934

Current Institution    Central Mississippi Correctional Facility

Address    3794 MS-468

Pearl     MS     39208
*City*      *State*      *Zip Code*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
Jan 22 2025
Arthur Johnston, Clerk
By:_____ Deputy Clerk

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name    Nathan 'Burl' Cain

Job or Title *(if known)*    Commissioner of M.D.O.C.

Shield Number

Employer    State Of Mississippi

Address    301 N. Lamar Street

Jackson     MS     39201
*City*      *State*      *Zip Code*

☒ Individual capacity    ☒ Official capacity

Defendant No. 2

Name    Tereda Hairston

Job or Title *(if known)*    Superintendent

Shield Number

Employer    Mississippi Department Of Corrections

Address    M.C.I.W. C.M.C.F. 3794 MS-468

Pearl     MS     39208
*City*      *State*      *Zip Code*

☒ Individual capacity    ☐ Official capacity

Defendant No. 3
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

David McRae
Mississippi State Treasurer

State Of Mississippi
501 North West Street, Suite 1101
Jackson    MS    39201
*City*    *State*    *Zip Code*

☒ Individual capacity    ☐ Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

Brock Owings
Superintendent at C.M.C.F.

Mississippi Department Of Corrections
C.M.C.F. 3794 MS-468
Pearl    MS    39208
*City*    *State*    *Zip Code*

☒ Individual capacity    ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue *federal officials* for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Takings Clause of the 5th Amendment, 14th Amendment Due Process Clauses

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Continuation Of "A "The" D'efendant(s)"
On Page 2

Page 1 of 2

Page 1 of 2

Defendant No. 5

Name: Brad Huffmin in his individual capacity

Job or Title: Central & Southern Division Warden

Employer: Mississippi Department Of Corrections

Address: 301 N. Lamar Street
Jackson, MS 39201

Defendant No. 6

Name: Marcus McClure in his individual capacity

Job or Title: Northern Division Warden & Superintendent Of Miss. State Penitentary

Employer: Mississippi Department Of Corrections

Address:

Defendant No. 7

Name: Shad White in his individual capacity

Job or Title: State Auditor

Employer: State Of Mississippi

Address: 501 N West Street #801
Jackson, MS 39201

Defendant No. 8

Name: John Hunt in his individual capacity

Job or Title: Deputy Commissioner Of Institutions

Employer: Mississippi Department Of Corrections

Address: 301 N Lamar Street
Jackson, MS 39201

Continuation Of The Defendant(s)
On Page 2

Page 2 of 2                                        Page 2 of 2

**Defendant No. 9**

Name:            Maxwell Mercer in his individual capacity

Job or Title:    Deputy Commissioner Of Community Corrections

Employer:        Mississippi Department Of Corrections

Address:         301 N Lamar Street
                 Jackson, MS 39201

**Defendant No. 10**

Name:            Dennis Martin in his individual and official capacities

Job or Title:    Owner & C.E.O.

Employer:        Owner of Premier Supply Link, LLC - Private Commissary Contractor

Address:         2552 MS-468
                 Pearl, MS 39208

**Defendant No. 11**

Name:            Cary Coat or Cary JefCoat in her/his individual capacity

Job or Title:    Inmate Banking Teller Supervisor Plus First STEP Grievance

Employer:        Priemer Supply Link, LLC

Address:         2552 MS-468
                 Pearl, MS 39208

**Defendant No. 12**

Name:

Job or Title:    John And Jane Doe Defendants are individual Defendants who,
                 acting in their individual plus official capacities and under color of state
                 law, are responsible in whole or in part, for conditions the actions set
                 forth in this Complaint, but which presently are unknown to me
                 despite diligent efforts to discover their identity.
                 Plaintiff expressly reserve the right to substitute persons as
                 Defendants in place of John and Jane Doe Defendants, once
                 their identity and role in this matter is discovered.

Defendant No. 23
Name:
Job or Title:

XYZ CORPORATIONS are entities, acting under color of state law, with responsibility, in which whole or in part, for the actions/issues/claims set forth in this Complaint, but which presently are unknown to Plaintiff despite diligent efforts to discover their identity.

Plaintiff expressly reserves the right to substitute entities as Defendants in place of XYZ CORPORATIONS, once their identity and role in this matter is discovered.

Defendant No. 14
Name:
Job or Title:
Employer:
Address:

Liza Hammett in her individual capacity
Deputy Commissioner Of Finance And Administration
Mississippi Department Of Corrections
301 N Lamar Street
Jackson, MS 39201

Defendants

1. Defendant Nathan "Burl" Cain is the Commissioner of the Missi-
ssissippi Department Of Corrections ("MDOC").[2] In this capacity, Cain is
responsible for overseeing all aspects of Mississippi's correctional system and ensu-
ring that all prisons under the jurisdiction of MDOC, including "allegedly" operate
in compliance with state and federal laws. This includes, without limitation, all admin-
istrative, fiscal and policymaking duties within MDOC. More specifically, but with-
out limitation, Cain is responsible for "[E]stablish [ing] and administer [ing] laws
and the general policy of the Department" (§47-5-20); "implement [ing]
policy related to corrections" (§47-5-28(a)); and "establish [ing] standards
.... and exercis[ing] the requisite supervision as it relates to correctional
programs over all state-supported adult correctional facilities"
(§47-5-28(b)). In this capacity, Cain is also designated as Chairperson
of the Inmate Welfare Fund ("IWF") appointing the vast majority of its
members/Key votes, governing the use and expenditures of prisoners
monies interest, using prisoners monies to make investments with
the interest earned being deposited back into the IWF for use to
fund state owned and controlled programs and services, and
requiring that commissary profits be expended for prisoner programs
plus that the use of these profits for other purposes deprived from
prisoners personal usage and benefit. Miss. Code Ann. §47-5-158,
MS ST §47-5-158, 2015 Miss. Laws Ch. 432 (H.B. 400), MDOC Inmate
Welfare Fund Policy - See All Attached To This Complaint! I have
written Cain plus filed a grievance against him (but to him) about
this/these claims yet he has NOT given me any nor all of my
"property interest monie(s)" back. Cain is sued in his individual and
official capacities. At all times relevant hereto, he has acted under
color of state law.

---

1. By statute, MDOC is "vested with the exclusive responsibility for management and
control of the correctional system, and all properties belonging thereto" and shall be responsible
for the management of affairs of the correctional system and for the proper care,
treatment, feeding, clothing and management of the offenders confined therein."
Miss. Code Ann. § 47-5-23.

2. Defendant John Hunt is the Deputy Commissioner Of Institutions for MDOC. Hunt is responsible, together with the Interim Commissioner, for the daily functioning and administration of all MDOC Institutions. Hunt sits as the second in command (only to the Commissioner) over the IWF Committee were they are Taking prisoners "interest monies" and using it plus "all" of the compound interest(s) along with the commissary profits for and as the State's plus MDOC's own personal bank accounts plus funding. I have written Hunt plus filed a grievance about him (but to him) regarding these claims; however, he has NOT given me any nor all of my "property interest monie(s)" back. Hunt is sued in his individual capacity. At all times relevant hereto, he has acted under color of state law.

3. Defendant Tereda Hairston is the Superintendent at the Central Mississippi Correctional Facility ("CMCF") in Pearl, MS. Hairston is responsible for the care, custody, and protection of individual's incarcerated at CMCF, including Plaintiff, and manages the day-to-day operations at CMCF. Hairston has had for "many years and now" has direct Knowledge of these claims as she is on the IWF Committee plus personally she routinely approves numerous requisition's yearly of spending Plaintiff "interest monies" for programs and other purposes. I filed a grievance regarding these claims (to her), however, she has NOT given me any nor all of my "property interest monie(s) back. Hairston is sued in her individual capacity. At all times relevant hereto, he has acted under color of state law.

4. Defendant Brock Owings is the other Superintendent at CMCF in Pearl, MS. Owings is responsible for the care, custody, and protection of individual's incarcerated at CMCF, including Plaintiff, and manages the day-to-day operations at CMCF. Owings has had for "many years and now" has direct Knowledge of these claims as he is on the IWF Committee plus personally he routinely approves numerous requistions yearly of spending Plaintiff "interest monies" for programs and other purposes. I filed a grievance regarding these claims (to him), however, he has NOT given me any nor all of my "property

Page 2 of 5

interest monie(s) back. Owings is sued in his individual capacity. At all times relevant hereto, he has acted under color of state law.

4. Defendant David McRae is the Mississippi State Treasurer. McRae is on the IWF Committee as it is pertaining and concerning the financial and management aspects of the committee. McRae controls and maintains the Inmate Welfare Fund as well as all other "property interest monie(s)". In addition including providing prisoners "property interest monie(s)" to be included in the yearly fiscal prison systems appropiations bills. McRae routinely throughout every year (for years) uses the Inmate Welfare Fund to regularly reimburse prison administrators budgets, among other things. McRae has had for "many years and now" has direct knowledge of all these claims. I filed a grievance regarding these claims (to him), wrote him a letter, and had my family contact his office repeatedly, however, he has NOT given me any nor all of my "property interest monie(s)" back. McRae is sued in his individual capacity. At all times relevant hereto, he has acted under color of state law.

5. Defendant Marcus McClure is the MDOC Northern Division Warden plus Superintendent at the Mississippi State Penitentary ("MSP"). McClure is responsible for the care, custody, and protecting of individual's incarcerated throughout northern Mississippi; and manages the day-to-day operations at MSP. McClure has had for "many years and now" has direct knowledge of these claims as he is on the IWF Committee plus he routinely approves numerous requisition's yearly of spending Plaintiff "property" for programs and other purposes. I filed a grievance regarding these claims, however, he has NOT given me any nor all of my "property interest monies" back. McClure is sued in his individual capacity. At all times relevant hereto, he has acted under color of state law.

6. Defendant Brad or Bradford Huffmin is the MDOC Southern Division Warden plus Superintendent at the Southern Mississippi Correctional Institution ("SMCI"). Huffmin is responsible for the care, custody, and protecting of individual's incarcerated throughout southern Mississippi plus central Mississippi; and manages the day-to-day operations at S.M.C.I. Huffmin has had for "many years and now" has direct knowledge of all these claims as he

Page 3 of 5

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☒    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

At Central Mississippi Correctional Facility in May or June 2009 til January 2025 and still going!

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.  What date and approximate time did the events giving rise to your claim(s) occur?

May of 2009 too January 2025 and still counting!

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

— See Attached —

## V.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

My injuries are financial and therefore still subject to punitive and presumed damages.

## VI.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I want to be fully compensated "all" of my "property" interest(s) plus all of it's interest(s) compounded on top of each other for all 16½ years I have been incarcerated or just $20 million dollars total in punitive and presumed damages. Also injective and declaratory relief from anymore of my interest(s) going to fund the prison's.

Continuation Of Page 5 - Part D).

Prisoners' money is property and, like other property, is protected by the Due Process Clauses and the Takings Clause of the Constitution. See Longmire v. Guste, 921 F.2d 620, 627 n.3 (5th Cir. 1991).

The usual rule is that interest is the property of the person who owns the principal, and if public officials appropriate it, they violate the Fifth Amendment ban on taking property for public use without just compensation. See Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 164, 101 S.Ct. 446 (1980).

The Fifth Circuit has applied this rule to prisoners' money. See also Eubanks v. McCotter, 802 F.2d 790, 791-93 (5th Cir. 1986) (allegation that interest was taken by prison officials was not frivolous). In the Eubanks case, the prisoners also argued that a state statute requiring that commissary profits be expended for inmate programs created a property interest for the inmates as a group, and that the use of these profits for other purposes deprived them of their property without due process. The court held that this argument was not frivolous.

In addition, prison officials may not simply take money out of a prisoner's account without notice or hearing. See Reed v. State, 269 S.W. 3d 619, 624-27 (Tex. App. 2008). See Attached Cases of ALL!

Plaintiff has been incarcerated for going on 17 years and still counting which he has never received any of his interest "propertie(s)" from his deposits. Yet, his interest(s) these Defendants - (Nathan "Burl" Cain, John Hunt, Brock Owings, Tereda Hairston, David McRae, Brad Huffmin, Marcus McClure, Shad White, Maxwell Mercer, Dennis Martin, Liza Hammett, Cary Jef Coat or Cary Coat, and other John and Jane Doe(s)) - have been using my interest plus compound interest(s) for creating programs, funding the prison system fiscal yearly budgets, funding plenty of other stuff that never benefits me personally and that I never have access too, for making investments in plenty of things and businesses that benefit them and/or the State of which they keep all the profit's of and reinvest the interest compound(s) into the Inmate Welfare Fund of which they control and use all of our "interest monies propertie(s)"! They also are using my "property interest monie(s)" also they have three - (3) state statutes requiring that commissary profits be expended for programs and for other purposes

Page 1 of 2

Continuation Of Pages Part D.

that are NOT beneficial nor to the benefit of Plaintiff. The proceeds being taken and spent on items that do Not benefit Plaintiff plus the interest on these accounts (including but not limited to the IWF) which is Plaintiff propertie(s) taken by the Department and it's administrative without due process of law.

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Central Mississippi Correctional Facility, Southern Mississippi Correctional Facility, Mississippi State Penitentary, East Mississippi Correctional Facility, and W.C.C.F.

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All of my claims

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Central Mississippi Correctional Facility

2.    What did you claim in your grievance?

3.    What was the result, if any?

I completed the grievance to the 2nd Final Step. See Attached.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

The Grievance Process Is Completed, See Attached

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here: N/A

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)     N/A

Defendant(s)     N/A

2.   Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.   Docket or index number

N/A

4.   Name of Judge assigned to your case

N/A

5.   Approximate date of filing lawsuit

N/A

6.   Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition.     N/A

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☒ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    Chaz Pinkston

Defendant(s)    Governor Tate Reeves, et al.

2.    Court *(if federal court, name the district; if state court, name the county and State)*

Southern District Court

3.    Docket or index number

3:23-cv-03143-HTW-LGI

4.    Name of Judge assigned to your case

L. Isaac

5.    Approximate date of filing lawsuit

December 23, 2023

6.    Is the case still pending?

☒ Yes

☐ No

If no, give the approximate date of disposition    N/A

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Still Ongoing

Continuation Of Previous Law Suits
On Page 10

1. 3:22-cv-00152-KHJ-MTP
U.S. District Court Southern District Of Mississippi
April or May 2021
Plaintiff: Chaz Pinkston
Defendants: Management & Training Corporation, et al.
The case wase was dismissed for failure to exhaust administrative
remedies.
Case Dismissed On: May 2023


2. 3:21-cv-00301-KHJ-MTP
U.S. District Court Southern District Of Mississippi
04/30/2021
Plaintiff: Chaz Pinkston
Defendants: VitalCore Health Strategies, LLC, et al.
This case was dismissed with prejudice. It was appealed, however, Plaintiff
voluntarily dismissed the appeal.
This case was dismissed for failure to state a claim.
Case Dismissed on: 02/24/2023


3. 5:20-cv-00167-KS-MTP
U.S. District Court Southern District Of Mississippi
08/13/2020
Plaintiff: Chaz Pinkston
Defendants: Pamela Robinson, et al.
Dismissed With Prejudice
Dismissed for failure to state a claim
Case Dismissed: 01/13/2023

# Continuation Of Previous Law Suits
## On Page 20

4. 5:22-cv-00027-KS-MTP

U.S. District Court Southern District Of Mississippi

03/22/2022

Plaintiff: Chaz Pinkston

Defendants: Jeannette Pointe, et al.

Dismissed Without Prejudice.

This case was appealed, however, the appeal was dismissed.

This case was dismissed for failure to exhaust administrative remedies

and failure to state a claim.

Case Dismissed: 02/11/2023


5. 5:22-cv-00026-KS-MTP

U.S. District Court Southern District Of Mississippi

03/22/2022

Plaintiff: Chaz Pinkston

Defendants: Shunlekee Pendleton, et al.

Dismissed With Prejudice.

This case was appealed but the appeal was dismissed.

This was dismissed for failure to state a claim. and being frivolous in

law.

Case Dismissed on: 01/05/2023


6. 5:22-cv-00025-KS-MTP

U.S. District Court Southern District Of Mississippi

03/22/2022

Plaintiff: Chaz Pinkston

Defendants: Michelle Higginbotham, et al.

Dismissed Without Prejudice.

# Continuation Of Previous Lawsuits
## On Page 20

6 This case was appealed but the appeal was dismissed.
This case was dismissed for failure to exhaust administrative remedies.
Case Dismissed on: 12/06/2022


7. 5:22-cv-00018-KS-MTP
U.S. District Court Southern District Of Mississippi
03/22/2022
Plaintiff: Chaz Pinkston
Defendants: Larry Lee, et al.
Dismissed with Prejudice.
This case was appealed but the appeal was dismissed.
Dismissed for failure to state a claim.
Case Dismissed on: 03/14/2023


8. 5:18-cv-00103-DB-MTP
U.S. District Court Southern District Of Mississippi
10/19/2018
Plaintiff: Chaz Pinkston
Defendants: Pelicia Hall, et al.
Dismissed Without Prejudice
Case was affirmed on appeal in Defendants favor for failure to exhaust.
Case Dismissed on: 04/20/2023

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 3, 2025

Signature of Plaintiff    Chaz Pinkston
Printed Name of Plaintiff    Chaz Pinkston
Prison Identification #    148934
Prison Address    C.M.C.F. 3794 MG-468
Pearl          MS    39208
    *City*    *State*    *Zip Code*

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address
    *City*    *State*    *Zip Code*

Telephone Number
E-mail Address